# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# BRUNSWICK DIVISION

RICK TAYLOR,

    Petitioner,

v.

JOHN V. FLOURNOY,

    Respondent.

CIVIL ACTION NO.: 2:16-cv-149

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Rick Taylor ("Taylor"), who is incarcerated at Federal Correctional Institution in Jesup, Georgia, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1.) Respondent filed a Response. (Doc. 9.) For the reasons which follow, I **RECOMMEND** that the Court **DISMISS as moot** Taylor's Petition, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Taylor *in forma pauperis* status on appeal.

## BACKGROUND

In his Petition, Taylor challenges a sanction that he received as a result of a hearing before a Discipline Hearing Officer ("DHO"). (Doc. 1.) At the hearing, the DHO determined that Taylor committed the prohibited act of assault without serious injury, in violation of Code 224 of the Bureau of Prisons' ("BOP") discipline regulations. Taylor alleges that he was actually innocent of the charge, that there was no evidence to support a finding that he assaulted the victim as alleged, that he was denied the right to due process, and that he was discriminated against racially. (Id. at p. 3.) Specifically, he contends that he was not allowed to present the

other inmates' disciplinary hearing records, which would have revealed a pattern of similar false allegations. (Id. at p. 7.) Taylor requests that this Court order that the incident report be expunged and that his lost 27 days of good conduct time be restored. (Id. at p. 8.)

Respondent filed a response to Taylor's Petition and states that the issue is now moot, because the BOP has granted Taylor the relief he sought. (Doc. 9.) Specifically, Respondent states that BOP staff conducted a review of Taylor's claims in response to his Petition, and that, as a result of that review, the BOP expunged the incident report and restored Taylor's good conduct time. (Id. at pp. 3–4.) Respondent offers exhibits in support of this assertion, including the Affidavit of Vincent Shaw, Senior Litigation Counsel in the Southeast Regional Office of the BOP, as well as Taylor's Inmate Discipline Data dated January 5, 2017. (Doc. 9-1, pp. 1–3, 18.) Taylor did not file a Reply (or any other pleading) following Respondent's Response.

## DISCUSSION

**I.    Whether Taylor's Petition is Moot**

Article III of the Constitution "extends the jurisdiction of federal courts to only "'Cases' and 'Controversies.'" Strickland v. Alexander, 772 F.3d 876, 882 (11th Cir. 2014). This "case-or-controversy restriction imposes" what is "generally referred to as 'justiciability' limitations." Id. There are "three strands of justiciability doctrine—standing, ripeness, and mootness—that go to the heart of the Article III case or controversy requirement." Harrell v. The Fla. Bar, 608 F.3d 1241, 1247 (11th Cir. 2010) (internal quotation marks and alterations omitted). With regard to the mootness strand, the United States Supreme Court has made clear that "a federal court has no authority 'to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'" Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (internal citation omitted).

2

Accordingly, "[a]n issue is moot when it no longer presents a live controversy with respect to which the court can give meaningful relief." Friends of Everglades v. S. Fla. Water Mgmt. Dist., 570 F.3d 1210, 1216 (11th Cir. 2009) (internal quotation marks omitted). Questions of justiciability are not answered "simply by looking to the state of affairs at the time the suit was filed. Rather, the Supreme Court has made clear that the controversy 'must be extant at all stages of review, not merely at the time the complaint is filed.'" Christian Coal. of Fla., Inc. v. United States, 662 F.3d 1182, 1189–90 (11th Cir. 2011) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)).

In his Petition, Taylor only requested that the incident report be expunged and that his good conduct time be restored. As noted above, Taylor has since been granted this relief. Thus, there is no longer a "live controversy" over which the Court can give meaningful relief. Friends of Everglades, 570 F.3d at 1216. Accordingly, the Court should **DISMISS as moot** Taylor's Petition for Writ of Habeas Corpus.

## II. Leave to Appeal *in Forma Pauperis*

The Court should also deny Taylor leave to appeal *in forma pauperis*. Though Taylor has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal of party proceeding *in forma pauperis* is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous

3

claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). Stated another way, an *in forma pauperis* action is frivolous, and thus, not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Given the above analysis of Taylor's Petition and Respondent's Response, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** *in forma pauperis* status on appeal.

## CONCLUSION

Based on the foregoing, I **RECOMMEND** that the Court **DISMISS as moot** Taylor's Petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2241, (doc. 1), **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Taylor leave to proceed *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within **fourteen (14) days** of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the pleading must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the parties.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 16th day of October, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA